UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAREN BLONSKI,

        Plaintiff,

   v.

EILEEN ROGERS, and DOES 1-25, inclusive,

        Defendant.

                               /

NO. CIV. 2:12-01083 WBS DAD

MEMORANDUM AND ORDER RE: MOTIONS TO STRIKE AND DISMISS

----oo0oo----

        Currently before the court are plaintiff's motions to strike defendant's First Amended Answer ("FAA") pursuant to Federal Rule of Civil Procedure 12(f) and to dismiss defendant's Counterclaim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

    I.    Motion to Strike

        Pursuant to Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The

1

purpose of the rule is to avoid the costs that accompany litigating spurious issues by dispensing with those issues prior to trial. <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally viewed with disfavor and are not frequently granted. Courts must view the pleading under attack in the light more favorable to the pleader." <u>Garcia ex rel. Marin v. Clovis Unified Sch. Dist.</u>, No. Civ. 1:08-1924, 2009 WL 2982900 AWI, at *23 (E.D. Cal. Sept. 14, 2009) (citation omitted).

### A.   First Amended Answer

Plaintiff requests that the court strike defendant's FAA in its entirety because it "fails to admit or deny all the essential allegations of the Plaintiff's FAC and fails to fairly respond to the substance of the allegations contained therein." (Pl.'s Mem. in Supp. ("Mem.") at 2:2-3.)  Plaintiff argues that defendant's answer fails to meet Rule 8(d)(1)'s requirement that pleadings be "simple, concise, and direct" and is "internally inconsistent" because defendant admits the authenticity of various documents yet denies the allegations they support.  (Mem. at 4:10-12.)

The court cannot say that any of the denials in the FAA were without a good faith basis.  What defendant appears to have done is to admit to the factual allegations pertaining to the referenced documents to the extent that they say what plaintiff alleges they say, and to deny plaintiff's ultimate legal conclusions to the extent that defendant does not find that they are required by plaintiff's allegations or the referenced documents.  Read in its entirety, defendant's FAA makes clear

2

that while defendant admits to business dealings with plaintiff, she denies that such dealings amounted to a legal partnership. Likewise, she admits to signing a partnership agreement, but denies that the agreement is enforceable. She confirms as much in her opposition brief. (Def.'s Mem. in Opp'n ("Opp'n") at 3:1-12.) Defendant has carefully put plaintiff on notice of what she admits and denies. The court will therefore deny plaintiff's motion to strike the entire FAA.

     B.   <u>Affirmative defenses</u>

In light of plaintiff's criticisms of the affirmative defenses pled in the FAA, defendant at oral argument requested leave to file a second amended answer restating, and hopefully eliminating some, of the affirmative defenses. The court will grant that request.

II.  <u>Motion to Dismiss</u>

To survive a motion to dismiss, a plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009), and "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557). In deciding whether a plaintiff has stated a claim, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416

3

U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).

    A.   Claims One Through Five

Claims One through Five of defendant's Counterclaim set forth claims for 1) trademark infringement, 15 U.S.C. § 1114; 2) unfair competition, 15 U.S.C. § 1125(a); 3) unfair competition, Cal. Bus. & Prof. Code § 17200; 4) false description, 15 U.S.C. § 1125(a); and 5) injury to business reputation.

In those claims, defendant plausibly alleges that the 2009 Partnership Agreement is not enforceable because it was not an offer from plaintiff that defendant accepted. Defendant alleges that the 2009 proposal was not intended to be the final, binding agreement between the parties, but rather merely a step in their negotiations. Defendant should be given the chance to prove, if she can, facts to support her allegations suggesting that she did not sign the 2009 proposal with the intent to be bound, that plaintiff did not send her the 2009 proposal with the intent to be bound, or that the parties did not agree to be bound until all parties had signed the agreement. See Harps v. County of Los Angeles, 8 F. App'x 771, 772 (9th Cir. 2001) ("California law requires mutual assent of the parties to form a valid contract."); Roth v. Garcia Marquez, 942 F.2d 617, 626 (9th Cir. 1991) ("'[I]f the evidence shows that the signatures of other parties were required as one of the conditions of the completed agreement, it is incomplete and not binding upon those who sign until the others sign.'" (quoting 1 Witkin, Summary of Cal. Law, Contracts § 143 (9th ed. 1987))); cf. Kaneko v. Okuda, 195 Cal.

4

App. 2d 217, 225 (3d Dist. 1961) ("In the absence of a showing that a contract is not to be deemed complete unless signed by all parties, the parties signing may be bound though others have not signed.").

Also, by alleging that plaintiff sent the 2010 proposal, which had different terms than the 2009 proposal, defendant makes a plausible claim that plaintiff made a counteroffer that nullified the original offer. Berg v. Darden, 120 Cal. App. 4th 721, 731 (2d Dist. 2004) ("Under ordinary contract principles, a counteroffer operates as a rejection of an offer."). Plaintiff alleges that neither party accepted this offer. (Counterclaim ¶ 30.) Thus, plaintiff has plausibly plead that, despite her execution of the 2009 proposal, there is no binding partnership between the parties. Accordingly, plaintiff's motion to dismiss defendant's first five claims will be denied.

B.  Claims Six and Seven

The Sixth Claim of defendant's Counterclaim sets forth a claim for negligent misrepresentation, and the Seventh Claim is for intentional misrepresentation. Regardless of whether negligent misrepresentation claims are governed by the pleading standards of Federal Rule of Civil Procedure 8 or the heightened pleading standard of Rule 9(b), in light of Iqbal and Twombly, the court finds defendant's allegations insufficient to state claims for either negligent or intentional misrepresentation.

Plaintiff alleges that defendant misrepresented the purposes for which he opened a Wells Fargo account and had a credit card issued by telling plaintiff the purposes for which he

1 intended to use the account and credit card.  (Id. ¶¶ 85-87.)
2 She alleges that these statements were false because plaintiff
3 actually intended and did use the bank account and credit card
4 for his personal use.  (Id. ¶ 90.)  However, plaintiff fails to
5 allege when or where defendant made the statements constituting
6 fraud.  Given that defendant alleges that plaintiff began urging
7 her to form a partnership in 2008, but he did not open the bank
8 account until March 2011, there is a significant period of time
9 during which such statements could have been made.
10 (Counterclaim. ¶¶ 21, 42.)

11      Without more particular facts from defendant, it would
12 be difficult for plaintiff to defend against defendant's fraud
13 and misreqresentation allegations with more than a general
14 denial.  See Kaui Scuba Ctr., Inc. v. PADI Ams., Inc., No. Civ.
15 10-1579 DOC, 2011 WL 2711177, at *8 (C.D. Cal. July 13, 2011)
16 (finding fraud claim to be insufficiently pled in part because
17 plaintiff failed to allege facts supporting the "what," "where,"
18 and "how" of the misconduct charged).  Accordingly, plaintiff's
19 motion to dismiss defendant's counterclaim for negligent and
20 intentional misrepresentation will be granted.

21      IT IS THEREFORE ORDERED that:
22      1) plaintiff's motion to strike defendant's First
23 Amended Answer in its entirety be, and the same hereby is,
24 DENIED;

25      2) plaintiff's motion to strike the affirmative
26 defenses in the First Amended Answer be, and the same hereby is,
27 GRANTED with leave to amend; and

28      3) plaintiff's motion to dismiss defendant's

6

1  Counterclaim be, and the same hereby is, DENIED as to Claims One
2  through Five, and GRANTED as to Claims Six and Seven.
3          Defendant is given twenty days from the date of this
4  Order to file a Second Amended Answer and Counterclaims
5  consistent with this Order.
6  DATED:  October 23, 2012

       _____
       WILLIAM B. SHUBB
       UNITED STATES DISTRICT JUDGE