UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DAREN BLONSKI,                                    NO. CIV. 2:12-01083 WBS DAD

        Plaintiff,

                             MEMORANDUM AND ORDER RE:

    v.                                          MOTIONS TO STRIKE AND DISMISS

EILEEN ROGERS, and DOES 1-25,
inclusive,

        Defendant.
_____/

----oo0oo----

        Currently before the court are plaintiff's motions to strike defendant's First Amended Answer ("FAA") pursuant to Federal Rule of Civil Procedure 12(f) and to dismiss defendant's Counterclaim for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

I.   Motion to Strike

        Pursuant to Rule 12(f), the court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The

1

1 purpose of the rule is to avoid the costs that accompany

2 litigating spurious issues by dispensing with those issues prior

3 to trial.  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885

4 (9th Cir. 1983).  "Motions to strike are generally viewed with

5 disfavor and are not frequently granted.  Courts must view the

6 pleading under attack in the light more favorable to the

7 pleader."  Garcia ex rel. Marin v. Clovis Unified Sch. Dist., No.

8 Civ. 1:08-1924, 2009 WL 2982900 AWI, at *23 (E.D. Cal. Sept. 14,

9 2009) (citation omitted).

10      A.   First Amended Answer

11      Plaintiff requests that the court strike defendant's

12 FAA in its entirety because it "fails to admit or deny all the

13 essential allegations of the Plaintiff's FAC and fails to fairly

14 respond to the substance of the allegations contained therein."

15 (Pl.'s Mem. in Supp. ("Mem.") at 2:2-3.)  Plaintiff argues that

16 defendant's answer fails to meet Rule 8(d)(1)'s requirement that

17 pleadings be "simple, concise, and direct" and is "internally

18 inconsistent" because defendant admits the authenticity of

19 various documents yet denies the allegations they support.  (Mem.

20 at 4:10-12.)

21      The court cannot say that any of the denials in the FAA

22 were without a good faith basis.  What defendant appears to have

23 done is to admit to the factual allegations pertaining to the

24 referenced documents to the extent that they say what plaintiff

25 alleges they say, and to deny plaintiff's ultimate legal

26 conclusions to the extent that defendant does not find that they

27 are required by plaintiff's allegations or the referenced

28 documents.  Read in its entirety, defendant's FAA makes clear

2

1  that while defendant admits to business dealings with plaintiff,

2  she denies that such dealings amounted to a legal partnership.

3  Likewise, she admits to signing a partnership agreement, but

4  denies that the agreement is enforceable.  She confirms as much

5  in her opposition brief.  (Def.'s Mem. in Opp'n ("Opp'n") at 3:1-

6  12.)  Defendant has carefully put plaintiff on notice of what she

7  admits and denies.  The court will therefore deny plaintiff's

8  motion to strike the entire FAA.

9        B.   Affirmative defenses

10       In light of plaintiff's criticisms of the affirmative

11 defenses pled in the FAA, defendant at oral argument requested

12 leave to file a second amended answer restating, and hopefully

13 eliminating some, of the affirmative defenses.  The court will

14 grant that request.

15 II. Motion to Dismiss

16       To survive a motion to dismiss, a plaintiff must plead

17 "only enough facts to state a claim to relief that is plausible

18 on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

19 (2007).  This "plausibility standard," however, "asks for more

20 than a sheer possibility that a defendant has acted unlawfully,"

21 Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and "[w]here a

22 complaint pleads facts that are 'merely consistent with' a

23 defendant's liability, it 'stops short of the line between

24 possibility and plausibility of entitlement to relief.'"  Id.

25 (quoting Twombly, 550 U.S. at 557).  In deciding whether a

26 plaintiff has stated a claim, the court must accept the

27 allegations in the complaint as true and draw all reasonable

28 inferences in favor of the plaintiff.  Scheuer v. Rhodes, 416

1  U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v.</u>
2  <u>Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322
3  (1972).

4       A.   <u>Claims One Through Five</u>

5          Claims One through Five of defendant's Counterclaim set
6  forth claims for 1) trademark infringement, 15 U.S.C. § 1114; 2)
7  unfair competition, 15 U.S.C. § 1125(a); 3) unfair competition,
8  Cal. Bus. & Prof. Code  § 17200; 4) false description, 15 U.S.C.
9  § 1125(a); and 5) injury to business reputation.

10         In those claims, defendant plausibly alleges that the
11  2009 Partnership Agreement is not enforceable because it was not
12  an offer from plaintiff that defendant accepted.  Defendant
13  alleges that the 2009 proposal was not intended to be the final,
14  binding agreement between the parties, but rather merely a step
15  in their negotiations.  Defendant should be given the chance to
16  prove, if she can, facts to support her allegations suggesting
17  that she did not sign the 2009 proposal with the intent to be
18  bound, that plaintiff did not send her the 2009 proposal with the
19  intent to be bound, or that the parties did not agree to be bound
20  until all parties had signed the agreement.  <u>See</u> <u>Harps v. County</u>
21  <u>of Los Angeles</u>, 8 F. App'x 771, 772 (9th Cir. 2001) ("California
22  law requires mutual assent of the parties to form a valid
23  contract."); <u>Roth v. Garcia Marquez</u>, 942 F.2d 617, 626 (9th Cir.
24  1991) ("'[I]f the evidence shows that the signatures of other
25  parties were required as one of the conditions of the completed
26  agreement, it is incomplete and not binding upon those who sign
27  until the others sign.'" (quoting 1 Witkin, Summary of Cal. Law,
28  Contracts § 143 (9th ed. 1987))); <u>cf.</u> <u>Kaneko v. Okuda</u>, 195 Cal.

App. 2d 217, 225 (3d Dist. 1961) ("In the absence of a showing
that a contract is not to be deemed complete unless signed by all
parties, the parties signing may be bound though others have not
signed.").

Also, by alleging that plaintiff sent the 2010
proposal, which had different terms than the 2009 proposal,
defendant makes a plausible claim that plaintiff made a
counteroffer that nullified the original offer.  <u>Berg v. Darden</u>,
120 Cal. App. 4th 721, 731 (2d Dist. 2004) ("Under ordinary
contract principles, a counteroffer operates as a rejection of an
offer.").  Plaintiff alleges that neither party accepted this
offer.  (Counterclaim ¶ 30.)  Thus, plaintiff has plausibly plead
that, despite her execution of the 2009 proposal, there is no
binding partnership between the parties.  Accordingly,
plaintiff's motion to dismiss defendant's first five claims will
be denied.

B.   <u>Claims Six and Seven</u>

The Sixth Claim of defendant's Counterclaim sets forth
a claim for negligent misrepresentation, and the Seventh Claim is
for intentional misrepresentation.  Regardless of whether
negligent misrepresentation claims are governed by the pleading
standards of Federal Rule of Civil Procedure 8 or the heightened
pleading standard of Rule 9(b), in light of <u>Iqbal</u> and <u>Twombly</u>,
the court finds defendant's allegations insufficient to state
claims for either negligent or intentional misrepresentation.

Plaintiff alleges that defendant misrepresented the
purposes for which he opened a Wells Fargo account and had a
credit card issued by telling plaintiff the purposes for which he

1  intended to use the account and credit card.  (Id. ¶¶ 85-87.)

2  She alleges that these statements were false because plaintiff

3  actually intended and did use the bank account and credit card

4  for his personal use.  (Id. ¶ 90.)  However, plaintiff fails to

5  allege when or where defendant made the statements constituting

6  fraud.  Given that defendant alleges that plaintiff began urging

7  her to form a partnership in 2008, but he did not open the bank

8  account until March 2011, there is a significant period of time

9  during which such statements could have been made.

10  (Counterclaim. ¶¶ 21, 42.)

11      Without more particular facts from defendant, it would

12  be difficult for plaintiff to defend against defendant's fraud

13  and misreqresentation allegations with more than a general

14  denial.  See Kaui Scuba Ctr., Inc. v. PADI Ams., Inc., No. Civ.

15  10-1579 DOC, 2011 WL 2711177, at *8 (C.D. Cal. July 13, 2011)

16  (finding fraud claim to be insufficiently pled in part because

17  plaintiff failed to allege facts supporting the "what," "where,"

18  and "how" of the misconduct charged).  Accordingly, plaintiff's

19  motion to dismiss defendant's counterclaim for negligent and

20  intentional misrepresentation will be granted.

21      IT IS THEREFORE ORDERED that:

22      1) plaintiff's motion to strike defendant's First

23  Amended Answer in its entirety be, and the same hereby is,

24  DENIED;

25      2) plaintiff's motion to strike the affirmative

26  defenses in the First Amended Answer be, and the same hereby is,

27  GRANTED with leave to amend; and

28      3) plaintiff's motion to dismiss defendant's

6

1  Counterclaim be, and the same hereby is, DENIED as to Claims One

2  through Five, and GRANTED as to Claims Six and Seven.

3          Defendant is given twenty days from the date of this

4  Order to file a Second Amended Answer and Counterclaims

5  consistent with this Order.

6  DATED:  October 23, 2012

7

8  _____

   WILLIAM B. SHUBB

9  UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7